UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LAWRENCE #970911,

       Plaintiff,                                  Hon. Sally J. Berens

v.                                                     Case No. 1:24-cv-587

ROY VALDEZ, et al.,

       Defendants.

_____/

**OPINION**

This matter is before the Court on Defendant Valdez's Motion for Summary Judgment on the Basis of Exhaustion.[1] (ECF No.19.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court will **grant** the motion, **dismiss** Plaintiff's claims against Defendant Valdez **without prejudice** for lack of exhaustion, and terminate this action.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility, filed a complaint against several MDOC employees on June 5, 2024, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Carson City Correctional Facility (DRF) and Bellamy Creek Correctional Facility (IBC) while Plaintiff was housed at those facilities in January and February 2024. Following the Court's initial

---

[1] Plaintiff misidentified Defendant Roy Valdez as Unknown Valdaze in his complaint.

[2] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's remaining claim is his Eighth Amendment excessive force claim against Defendant Valdez. (ECF No. 4 at PageID.43–44.)

Plaintiff alleges that on January 16, 2024, when he was incarcerated at IBC, he was assaulted by another prisoner. (ECF No. 1 at PageID.3.) Plaintiff alleges that during the assault, Defendant Corrections Officer Valdez tased Plaintiff despite the fact that he was not a threat to either Defendant Valdez or to the other inmate, putting Plaintiff's life at risk. (*Id.*) Plaintiff states that he was not the aggressor in the attack and attaches a copy of the step I grievance response showing that he was placed in segregation for his safety after being assaulted by another prisoner. (ECF No. 1-2 at PageID.11.)

Defendant Valdez now moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to

2

comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Defendant Valdez attaches a Step III Grievance Report for Plaintiff dated August 22, 2024, which shows the grievances arising out of IBC on or after January 16, 2024, that Plaintiff exhausted through Step III prior to filing this action. (ECF No. 20-3.) The Step III report shows that Plaintiff did not exhaust any claim arising out of IBC through Step III. (*Id.* at PageID.106.) While Plaintiff attached Step I and II grievance documents to his complaint (ECF Nos. 1-1 through 1-4), Valdez has demonstrated that Plaintiff did not exhaust this grievance (IBC-24-01-0238-17z) through Step III. Accordingly, Defendant Valdez has met his burden of showing that he is entitled to summary judgment based on Plaintiff's failure to exhaust his claim against Valdez.

## CONCLUSION

For the foregoing reasons, the Court will **grant** Defendant Valdez's motion and dismiss Plaintiff's claim against him **without prejudice**.

A separate order consistent with this opinion will enter.

Dated: March 28, 2025                                    /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge